COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 10, 2026

Richard I. G. Jones, Jr.
Periann Doko
BERGER MCDERMOTT LLP
1105 North Market Street, 11th Floor
Wilmington, Delaware 19801

Sarah R. Martin
Trevor T. Nielsen
Bryan T. Reed
GREENBERG TRAURIG, LLP
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801

Re: *Arif Ahmed v. JPMorgan Chase & Co. and J.P. Morgan Securities LLC*, C.A. No. 2025-1133-DG

Dear Counsel:

This letter resolves exceptions to Magistrate Gibbs's Report dated January 21, 2026, which resolved the parties' cross-motions concerning Plaintiff's entitlement to advancement.[1] I have reviewed the Magistrate's thorough factual and legal findings *de novo* and adopt them in full.[2]

Defendants advance two bases for exceptions, which boil down to a single issue—whether the Magistrate erred when resolving the issue of entitlement by rejecting Defendants' proposed 9% transaction-based cutoff in favor of the traditional approach to allocation.[3] The Magistrate did not err. Allocation is best addressed

---

[1] C.A. No. 2025-1133-DG, Docket ("Dkt.") 63 ("Magistrate's Report"). Definitions used in this letter have the same meaning as in the Magistrate's Report.

[2] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

[3] Dkt. 74 ("Defs.' Opening Br.") at 21–33; Dkt. 80 ("Defs.' Reply Br.") at 5–17.

through the *Fitracks* framework, where Plaintiff's counsel certifies in good faith which work relates to matters covered by advancement.[4]

As to the Investigations, Defendants portray the Report as concluding that insufficient evidence exists concerning entitlement to advancement.[5] In this way, Defendants argue that the Magistrate turned the burden of proof on its head. Yet Defendants do not dispute that Plaintiff is entitled to some degree of advancement for the Investigations.[6] Nor could they, in my view.[7] Properly understood, the Report held that insufficient evidence exists to allocate fees incurred in connection with the Investigations. For that reason, the Magistrate appropriately ordered the parties to confer on a *Fitracks* framework for allocating fees among claims.

The exceptions are overruled. This matter is remanded to Magistrate Gibbs for further proceedings in accordance with the Report.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

[4] Magistrate's Report at 34–35 (citing *Danenberg v. Fitracks, Inc.*, 58 A.3d 991 (Del. Ch. 2012)).

[5] Defs.' Opening Br. at 28–32; Magistrate's Report at 25–26, 33.

[6] Defs.' Opening Br. at 28 (arguing that only 9% of the claims warrant advancement); Defs.' Reply Br. at 13 (same).

[7] *See generally* Dkt. 76 (Pl.'s Ans. Br.) at 23–32.